J-S20036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAMIL  BROWN | : | |
| | : | |
| Appellant | : | No. 1453 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010989-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED OCTOBER 07, 2020**

Kamil Brown appeals from the judgment of sentence, imposed on March 11, 2019, following his conviction for Possession of a Firearm Prohibited.[1] Brown challenges the trial court's order denying his motion to suppress. We affirm.

After Brown was charged with the above offense, he moved to suppress the firearm. The evidence at the suppression hearing was as follows. On December 10, 2017, Officer Timothy Carroll and his partner, Officer Brad McCabe, were on patrol in the area of 2400 West Montgomery Avenue in Philadelphia. **N.T.**, Motion Volume I, 10/2/18, at 8. The officers had been specially assigned to patrol in that area that night due to the high level of shootings and narcotics. **Id**. at 9. At approximately 9:15 p.m., the officers

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

received a radio call reporting a shooting near the 2500 block of Berks Street. *Id*. The report described the shooter as an approximately 35-year-old black male wearing a black jacket and a dark-colored hoodie. *Id*.

Shortly after receiving the radio call, the officers saw Brown walking just two blocks away from the reported shooting location. *Id*. at 11. They believed that Brown fit the description given over the radio call, as he looked to be approximately 35 years old and was wearing jeans and a dark blue jacket with a black hoodie. *Id*. at 11-12. When Officer McCabe attempted to speak to Brown from the patrol car, Brown immediately fled. *Id*. at 13. Officer Carroll gave chase and quickly apprehended Brown. *Id*. at 14. Officer Carroll saw Brown remove a firearm from his waistband while he was running and toss it under a nearby van. *Id*. The officers took Brown into custody and charged him with the above firearm offense.

The trial court concluded that Brown was subject to an investigatory detention and the officers had reasonable suspicion to stop him. *N.T.*, Hearing Volume I, 10/18/18, at 10. The court reasoned that Brown met the description of the shooter that the officers had received over the radio and the officers had observed him just two blocks from the location reported for the shooting. *Id*. The court also determined that the evidence demonstrated that the area was a high-crime area. *Id*. The court thus concluded that the officers had reasonable suspicion to stop Brown. It further determined that Brown's subsequent actions – his immediate and unprovoked flight when the officers

approached him and his discarding of the firearm – the officers gave the officers probable cause to arrest Brown. *Id*.

Brown proceeded to a bench trial, and the trial court found him guilty as above and sentenced him to two to four years of incarceration. *N.T.*, Sentencing Volume I, 3/11/19, at 23-24. Brown filed a post-sentence motion asking the court to change the prison facility to which he was assigned to serve his sentence. The trial court granted the motion and also granted counsel's motion to withdraw. The trial court appointed new counsel who filed this timely appeal. On appeal, counsel filed a motion for remand as counsel failed to file a Pa.R.A.P. 1925(b) statement. This Court granted the motion, counsel filed the Rule 1925(b) statement, and the case has now returned to this Court.

On appeal, Brown raises the following issue: "Whether the trial court erred when the court denied the motion to suppress?" Brown's Br. at 6. Brown argues that "[t]he [t]rial [c]ourt erred when it denied the motion for suppression, because police officers violated the Pennsylvania and United States Constitutions when they chased Kamil Brown without reasonable suspicion that he was involved in criminal activity." *Id.* at 12. He maintains that "[t]he unreliable anonymous tip did not provide reasonable suspicion"; "[t]he officers did not have reasonable suspicion to lawfully chase [Brown]"; and "[r]ecovery of the gun was the result of forced abandonment." *Id.* at 14, 19, 21

We review the denial of a motion to suppress by determining "whether the record supports the suppression court's factual findings" and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Griffin*, 24 A.3d 1037, 1041 (Pa.Super. 2011) (quoting *Commonwealth v. Lohr*, 715 A.2d 459, 461 (Pa.Super. 1998)). Where, as here, the Commonwealth prevailed before the suppression court, "we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010). If the record supports the factual findings of the trial court, we may reverse "only if the court's legal conclusions are erroneous." *Id*. (citing *Commonwealth v. Bomar*, 826 A.2d 831, 842 (Pa. 2003)).

Brown argues the officers lacked the reasonable suspicion necessary to stop him for an investigative detention. Reasonable suspicion exists where the officer who initiated the stop had articulable facts reasonably causing the officer to believe, in light of the officer's training and experience, that criminal activity was afoot and the person stopped was involved in that activity. *Commonwealth v. Green*, 168 A.3d 180, 184 (Pa.Super. 2017). We determine whether there was reasonable suspicion by examining the totality of the circumstances known to the officer conducting the stop, at the time of the stop. *Id.* "[U]nprovoked flight in a high crime area establish[es] a reasonable suspicion to believe that criminal activity is afoot to allow for a[n] [investigatory stop]." *Commonwealth v. Washington*, 51 A.3d 895, 898

(Pa.Super. 2012) (citation omitted). Abandoned property is admissible in a criminal case so long as the abandonment did not result from illegal police conduct. **Commonwealth v. Ibrahim**, 127 A.3d 819, 825 (Pa.Super. 2015).

This Court's decision in **Commonwealth v. Foglia**, 979 A.2d 357, 361 (Pa.Super. 2009) (*en banc*), guides our decision here. There, a police officer and his partner received an anonymous tip that a man dressed in black was carrying a weapon at a particular location. The area in question was a high-crime area due to the "high flow of narcotics and weapons." **Id.** at 358-59.

The officers proceeded to the location and, within "a minute and a half," they observed Foglia dressed in black. **Id.** at 359. As soon as police arrived, Foglia began acting in an evasive manner, looking back several times at police while walking away from them. He then "grabbed around his waistband" and sat down behind others on the scene. **Id**. The testifying officer explained that people commonly carry firearms in their waistbands. **Id.** The officers stopped Foglia and a brief pat-down search revealed a pistol in his waistband. **Id**. at 362. This Court concluded that the officers' belief that Foglia matched the description in the anonymous tip, in combination with his behavior upon seeing police, supplied the officers with reasonable suspicion. **Id**. at 360.

Like the officers in **Foglia**, the officers here had reasonable suspicion. The officers saw Brown near the location of a reported shooting and he closely matched the description of the shooter. When the officers merely tried to talk to Brown – they in no way effected a stop - he immediately fled. The evidence supports the trial court's conclusion that officers had reasonable suspicion to

stop Brown, and his subsequent abandonment of the gun was not the result of illegal police conduct. **See Foglia**, 979 A.2d at 360. The trial court properly denied the motion to suppress, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *10/7/2020*